UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| I.E.I COMPANY, *et al.*, | No. C 09-05079 LB |
| Plaintiffs, | **ORDER RE OCTOBER 4, 2010 DISCOVERY LETTER** |
| v. | |
| ADVANCE CULTURAL EDUCATION, *et al.*, | |
| Defendants. | |

This matter is before the Court on the failure of Defendants Advance Cultural Exchange Training Corporation, Napat Vorapuvadol, Narin Nathradol, and Supawadee Poondej (collectively, "Defendants") to respond to certain sets of written discovery requests propounded to Defendants by Plaintiff I.E.I. Company Limited ("I.E.I.") in this matter as set forth below. The Court has reviewed and considered the September 24, 2010 (ECF No. 79) and October 4, 2010 (ECF No. 83) letters filed by the parties in accordance with the procedures for addressing discovery disputes set forth in the standing order of United States Magistrate Judge Laurel Beeler, and has heard and considered the statements of counsel at the October 7, 2010 telephonic discovery conference and at the October 28, 2010, hearing, where Defendants' counsel appeared by telephone. Defendants' counsel does not deny that Defendants are obliged to respond to the requests but instead asserts that she has been unable to respond because Defendants reside in Thailand. Also, Defendants' counsel asserted conclusorily in the parties' joint letter dated October 4, 2010 that certain information was not in the

1 Defendants' possession, that the information was not discoverable, and that the requests were
2 burdensome.  At the October 28 hearing, Defendants' counsel represented that she was now in
3 contact with her clients (who are overseas) and that she was endeavoring to respond to the discovery
4 requests piecemeal.

5     The point of the Court's standing order is to require the parties to meet and confer to try to
6 resolve their disputes, which they did, and to provide the Court a side-by-side analysis of what the
7 request is, and what any objection to the request is.  The parties' joint letter does not do that.
8 Instead, as the parties clarified at both hearings, the issue really is Defendants' counsel's inability to
9 confer with her overseas clients.  Based on that representation, and at the suggestion of the parties,
10 the Court orders the following:.

11 1.  Defendants are ordered to respond to I.E.I.'s discovery requests (summarized in the parties'
12     October 4, 2010 letter) by Monday, November 15, 2010, at 5:00 p.m., absent further stipulation
13     of the parties.  Specifically, those requests are as follows: (1) I.E.I.'s First Set of Interrogatories
14     to Defendant Advance Cultural Exchange Training Corporation; (2) I.E.I.'s First Set of
15     Interrogatories to Defendant Napat Vorapuvadol; (3) I.E.I.'s First Set of Requests for Production
16     of Documents to Defendant Advance Cultural Exchange Training Corporation; (4) I.E.I.'s First
17     Set of Requests for Production of Documents to Defendant Napat Vorapuvadol; (5) I.E.I.'s First
18     Set of Requests for Production of Documents to Defendant Narin Nathradol; and (6) I.E.I.'s First
19     Set of Requests for Production of Documents to Defendant Supawadee Poondej.

20 2.  The Court will hold a further discovery status conference on Tuesday, November 16, 2010, at
21     1:30 p.m.  Both parties may appear by telephone.  At that hearing, Defendants shall be prepared
22     to discuss why sanctions should not be imposed upon Defendants for Defendants' failure to
23     respond to I.E.I.'s discovery requests.  At the hearing, the parties should be prepared to set a
24     briefing schedule for any motion for sanctions.

25 **IT IS SO ORDERED.**

26 Dated: October 29, 2010

27     _____
    LAUREL BEELER
    United States Magistrate Judge
28

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**

ORDER RE OCTOBER 4, 2010 DISCOVERY LETTER
C 09-05079
2