UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| I.E.I. COMPANY, *et al.*, | No. C 09-05079 PJH (LB) |
| Plaintiffs, | **ORDER REGARDING DISCOVERY** |
| v. | |
| ADVANCE CULTURAL EDUCATION, *et al.*, | |
| Defendants. | |
| _____/ | |

## I. PROCEEDINGS TO DATE

On August 18, 2010, Plaintiffs I.E.I. Company Limited and International Education, Inc. (collectively, "I.E.I.") filed a motion (A) to compel Defendants Advance Cultural Exchange Training Corporation, Napat Vorapuvado, Narin Nathradol, and Supawadee Poondej (collectively, "Defendants") to respond to its discovery requests and (B) for an award of attorneys' fees as a sanction under Federal Rule of Civil Procedure 37 based on Defendants' failure to respond to the discovery requests. ECF No. 71. The specific discovery requests are as follows: (1) I.E.I.'s First Set of Interrogatories to Defendant Advance Cultural Exchange Training Corporation; (2) I.E.I.'s First Set of Interrogatories to Defendant Napat Vorapuvadol; (3) I.E.I.'s First Set of Requests for Production of Documents to Defendant Advance Cultural Exchange Training Corporation; (4) I.E.I.'s First Set of Requests for Production of Documents to Defendant Napat Vorapuvadol; (5) I.E.I.'s First Set of Requests for Production of Documents to Defendant Narin Nathradol; and (6)

I.E.I.'s First Set of Requests for Production of Documents to Defendant Supawadee Poondej. ECF No. 72, ¶ 2. I.E.I. served its requests on July 2, 2010, and Defendants' responses were due on August 5, 2010 and then extended until August 16, 2010 by stipulation. *Id.*, ¶¶ 2-6. On August 13, 2010, Defendants' counsel advised I.E.I. that she would not be able to respond by August 26 because Defendants had severed contact with her. *Id.,* ¶ 5.

Following the referral of the discovery request to this court on August 19, 2010, *see* ECF No. 73, this court denied I.E.I.'s motion on August 23, 2010 without prejudice and directed the parties to comply with this court's discovery procedures in its standing orders. ECF No. 74. Those procedures require – among other things – lead trial counsel to meet and confer in person and file a joint letter brief (with appropriate legal authority), which is a process that allows this court to address discovery disputes in approximately two weeks (rather than the 35 days needed for a formal motion).

Thereafter, the parties filed a joint letter (ECF No. 79) and then an amended joint letter on October 4, 2010 (ECF No. 83), with an appendix of the discovery requests prepared by I.E.I. (ECF No. 79-1). The court held discovery conferences on October 7, 2010, and October 28, 2010. As of October 7, 2010, Defendants' counsel reiterated that she had no client contact, but by October 28, 2010, she represented that she was now in contact with her clients (who are in Thailand) and that she was trying to respond to the discovery requests piecemeal. She conceded that Defendants were obliged to respond to the requests. The Court then ordered Defendants to respond to I.E.I.'s discovery requests by Monday, November 15, 2010, at 5 p.m. and set a further status hearing for November 16, 2010, directing the parties to be prepared to discuss sanctions. ECF No. 91. On November 16, 2010, after Defendants' counsel represented that she had responded to the discovery requests that morning (one day after the November 15 deadline), the court continued the hearing to November 18, 2010 so that I.E.I. could review the production. The court also ordered the parties to submit a joint status statement on November 17, 2010. ECF No. 93.

In very summary form, the parties' arguments in the joint statement were as follows. ECF No. 94. I.E.I. argued in part that the responses were late, grouped onto one document (despite six separate discovery requests), incomplete, otherwise deficient, and evasive, insincere, and

ORDER (C 09-05079 LB)

2

1  disingenuous.  Examples include Defendants' assertion that information was "not in the possession
2  of Defendants in Thailand" (even though responsive information is in the United States) and
3  Defendants' refusal to provide the full names and addresses of employees and contractors of
4  Paragon (the company through which Defendants operated, according to the complaint).  ECF No.
5  94 at 3-9.  Defendants responded conclusorily, asserting in part that they produced the documents
6  they had in Thailand, and that the rest were in storage in Minnesota and would be "retrieved and
7  forwarded to Plaintiffs' Counsel as soon as possible."  *Id.* at 9.

8　　At the November 18 hearing, the parties agreed that the outstanding issues are (A) the adequacy
9  of Defendants' response to discovery and (B) whether sanctions should be awarded to I.E.I. based
10 on the inadequate and incomplete disclosures.  Defendants' counsel did not dispute that Defendants
11 had not complied fully with the Court's order to respond to I.E.I.'s discovery requests and instead
12 reiterated the difficulty of communicating with her clients in Thailand and coordinating with them
13 the production of documents.  She also said that she could not respond to I.E.I.'s discovery requests
14 even by January 24, 2011, which is the close of fact discovery.  *See* ECF Nos. 52 and 53.  (The
15 district court set all case management dates, including discovery dates, on March 15, 2010, before
16 current counsel substituted into the case in July 2010.  *See* ECF Nos. 52, 68.)

17　　At the November 18 hearing, the parties advised the court that they had identified time frames to
18 narrow I.E.I.'s discovery requests to the time periods identified in the complaint, thereby assuring
19 that the requested discovery was "relevant to any party's claim or defense," as required by Federal
20 Rule of Civil Procedure 26(b).  The court then reviewed some of the discovery requests summarized
21 in the appendix to the parties' joint discovery letter brief, telling Defendants that the discovery
22 requests appeared to be relevant to I.E.I.'s claims and thus discoverable under Rule 26(b).  The court
23 further warned Defendants' counsel that its responses challenging the discovery requests were vague
24 and, in many specific contexts, apparently unfounded.  Defendants' counsel reiterated the difficulty
25 of coordinating discovery with clients in Thailand and her resulting inability to complete fact
26 discovery by January 24, 2011, and she suggested that this put her in the position of responding as
27 she did.  The court then ordered Defendants to comply with the procedures in the next section.
28 ///

## II.  ORDER

Defendants' response to I.E.I.'s discovery requests is incomplete, and Defendants' conclusory objections in the October 4, 2010 joint discovery letter and in the parties' November 17, 2010 joint statement appear unfounded and in any event do not allow this court to address the deficiencies or rule on the discovery requests definitively.  Accordingly, the court **HEREBY ORDERS** the Defendants to respond to I.E.I.'s discovery requests according to the following specific procedures.

1. I.E.I.'s counsel shall email Defendants a copy of its appendix of Discovery Requests in word processing format no later than 4:00 p.m. on November 19, 2010.  That appendix may be modified to reflect any narrowing of the discovery requests that (a) the parties previously agreed to or (b) I.E.I. determines is necessary to ensure that its discovery requests are relevant to its claims, as required by Federal Rule of Civil Procedure 26(b).

2. Defendants shall respond to each discovery request separately and in full by no later than December 6, 2010 at 5:00 p.m.  If Defendants agree that a discovery request is valid but cannot produce the information by December 6, 2010, they shall not articulate vague and unsupported objections like those in the October 4, 2010 joint discovery letter and the November 17, 2010 joint statement.  Instead, Defendants should respond to the discovery request underneath each specific request in the appendix under a subheading labeled "Defendants' Response" (or an equivalent heading) as follows: Defendants must (a) acknowledge that the request is valid, (b) identify specifically where all responsive information is located, (c) give a detailed explanation about why the information cannot be provided now (and "the clients are in Thailand" is not a sufficiently detailed explanation), and (d) identify specifically (not vaguely and generally) how they will produce the information, when they will produce it, and why it will take until that date to produce it.  If Defendants object to a specific request on legitimate legal grounds (as opposed to the vague and unsupported generic responses lodged previously), they must (a) describe each unresolved issue and the basis for the objection, (b) provide legal authority supporting the objection, and (c) provide a proposed compromise as to each issue.  Defendants shall e-file their responses no later than December 6, 2010 at 5:00 p.m. and simultaneously email

Plaintiffs' counsel a copy of their responses in word processing format.

3. I.E.I. shall respond to any objections in the same word-processed document in the same issue-by-issue manner described above and contemplated by this court's standing order. That response shall be labeled "I.E.I.'s Reply" (or the equivalent) and shall include (a) a description of the unresolved issue (if not apparent from the preceding response), (b) legal authority supporting I.E.I.'s reply, and (c) a proposed compromise or resolution of the issue. I.E.I.'s response should be e-filed by December 8, 2010 at 4:00 p.m.

4. The court sets a further status conference on December 9, 2010 at 1:30 p.m. Counsel may appear via telephone by calling (510) 637-3324 at the scheduled hearing time. Before the hearing, counsel must meet and confer by telephone no later than December 9, 2010 at 11:00 a.m. to address any unresolved objections.

5. The parties may extend any of the dates in this order (including the status conference) by a stipulation and a proposed order that sets forth the new schedule.

6. Defendants are warned that a continued failure to respond fully to I.E.I.'s discovery requests in a manner that complies with the procedures in this order and the requirements of the Federal Rules of Civil Procedure may be grounds for monetary or other appropriate sanctions. Defendants' counsel shall inform Defendants of the sanctions already requested or discussed by I.E.I., including (a) the attorneys' fees asked for in the motion to compel, (b) a $10,000 sanction requested in court on November 18, 2010 based on Defendants' refusal to cooperate with the discovery that this court ordered on October 29, 2010, and that is required by the Federal Rules of Civil Procedure, and (c) ultimately, a case-dispositive sanction that would result in a judgment in favor of I.E.I.

**IT IS SO ORDERED.**

Dated: November 19, 2010

_____
LAUREL BEELER
United States Magistrate Judge