UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| I.E.I COMPANY, *et al.*, | No. C 09-05079 PJH (LB) |
| Plaintiffs, | **ORDER FINDING DISCOVERY VIOLATIONS AND SETTING BRIEFING SCHEDULE** |
| v. | |
| ADVANCE CULTURAL EDUCATION, *et al.*, | |
| Defendants. | |

## I. BACKGROUND ON DISCOVERY DISPUTE

Plaintiffs I.E.I. Company Limited and International Education, Inc. (collectively, "I.E.I.") have made the following specific discovery requests to Defendants Advance Cultural Exchange Training Corporation, Napat Vorapuvado, Narin Nathradol, and Supawadee Poondej (collectively, "Defendants"): (1) I.E.I.'s First Set of Interrogatories to Defendant Advance Cultural Exchange Training Corporation; (2) I.E.I.'s First Set of Interrogatories to Defendant Napat Vorapuvadol; (3) I.E.I.'s First Set of Requests for Production of Documents to Defendant Advance Cultural Exchange Training Corporation; (4) I.E.I.'s First Set of Requests for Production of Documents to Defendant Napat Vorapuvadol; (5) I.E.I.'s First Set of Requests for Production of Documents to Defendant Narin Nathradol; and (6) I.E.I.'s First Set of Requests for Production of Documents to Defendant Supawadee Poondej. ECF No. 72, ¶ 2. I.E.I. served its requests on July 2, 2010, and Defendants' responses were due on August 5, 2010 and then extended until August 16, 2010 by stipulation. *Id.*,

¶¶ 2-6.  On August 13, 2010, Defendants' counsel advised I.E.I. that she would not be able to respond by August 26 because Defendants had severed contact with her.  *Id.,* ¶ 5.

On August 18, 2010, Plaintiffs filed a motion (A) to compel Defendants to respond to its discovery requests and (B) for an award of attorneys' fees as a sanction under Federal Rule of Civil Procedure 37 based on Defendants' failure to respond to the discovery requests.  ECF No. 71.  Following the referral of the discovery request to this court on August 19, 2010, *see* ECF No. 73, this court denied I.E.I.'s motion on August 23, 2010 without prejudice and directed the parties to comply with this court's discovery procedures in its standing orders.  ECF No. 74.  Those procedures require – among other things – lead trial counsel to meet and confer in person and file a joint letter brief (with appropriate legal authority), which is a process that allows this court to address discovery disputes in approximately two weeks (rather than the 35 days needed for a formal motion).

The parties then submitted joint letter briefs regarding Defendants' failure to respond to I.E.I.'s written discovery requests.  ECF Nos. 79, 83 (amended letter 10/4/10).  Initially, Defendants' counsel did not dispute Defendants' obligation to respond, although she also argued conclusorily that information was not discoverable.  *See, e.g.,* ECF 83 (amended letter brief); 10/29/10 Order, ECF No. 91 at 1-2 (discussing this).  On October 29, 2010, the court ordered Defendants to respond specifically to the discovery requests by Monday, November 15.  ECF No. 91 at 2.

At the next status hearing on November 18, 2010, Plaintiffs' counsel argued that the responses were incomplete and otherwise deficient.  *See* Joint Status Statement, ECF 94 at 3-9; 11/19/10 Order, ECF No. 96 at 3; Reporter's Transcript 11/18/10, ECF No. 99 at 4-7.  Defendants' counsel did not dispute at the November 18, 2010 hearing that the productions were deficient, citing only the difficulty of communicating with her clients.  *See* 11/19/10 Order, ECF No. 96 at 3; Reporter's Transcript 11/18/10, ECF No. 99 at 19-21.  The court ruled at the November 18, 2010 hearing that the discovery responses were inadequate and gave the defendants until December 6, 2010 to respond fully and completely to the discovery requests.  11/19/10 order, ECF No. 96 at 4-5 (setting forth specific procedures, including articulating objections specifically, identifying where responsive documents are located, and identifying time frames for production of documents).

ORDER (C 09-05079 PJH (LB))

2

On December 7, 2010, Defendants' counsel filed her revised responses, and Plaintiffs' counsel responded on December 8, 2010 that the responses were inadequate. Defendants' Response, ECF No. 98; Plaintiffs' Response, ECF No. 100.

## II. DISCUSSION

The court finds that Defendants' responses to the interrogatories and document productions are inadequate. The court also rejects Defendants' general objections.

### A. First Set of Interrogatories

The first set of interrogatories asked for names and addresses of all employees and contractors of ACET and Paragon. Defendants concede that the information is discoverable, but provided only two names for ACET and none for Paragon. Plaintiffs respond that at a minimum, the responses are incomplete because limited documents produced on November 15, 2010 show that all Defendants worked for ACET at one point. Moreover, the responses do not comply with Rule 33(b). *See* Fed. R. Civ. P. 33(b). Counsel, and not a party, answered the interrogatories, but Rule 33(b) requires the party to answer. Fed. R. Civ. P. 33(b)(1)(A). Each interrogatory must be answered separately and fully in writing, and under oath, and the party who gives the answers must sign the interrogatories. Fed. R. Civ. P. 33(b)(3) and (5). Defendants agreed at the December 9 hearing, and the court holds, that the responses are incomplete, violate Rule 33(b), and violate the court's prior discovery order.

### B. Requests for Production of Documents

Plaintiffs propounded 33 requests each (so 132 in all) to Advance Cultural Training Corporation, Napat Vorapuvadol, Narin Nathradol, and Supawadee Poondej. These requests – which are limited by date ranges – are set forth in ECF No. 100, which lists each request separately, Defendants' counsel's response, and I..E.I.'s reply. *See* ECF No. 100 at 6-66. For each request, Defendants' counsel concedes that all information is discoverable and explains that either (1) Defendants have failed to provide any documents at all or (2) Defendants did not provide all documents, and Defendants' counsel produced what she had on November 15, 2010. *See* ECF No. 100 at 6-66. Plaintiffs previously responded – and reiterated in its replies in ECF 100 – that the previous responses were incomplete and otherwise deficient in violation of Federal Rules of Civil Procedure 34 and 37. *See* Joint Status Statement, ECF No. 94 at 3-9; ECF No. 100 at 2-3, 6-66.

The court finds that the responses are inadequate. Defendants' counsel did not dispute at the November 18, 2010 hearing that the productions were deficient, citing only the difficulty of communicating with her clients. *See* 11/19/10 Order, ECF No. 96 at 3; Reporter's Transcript 11/18/10, ECF No. 99 at 19-21. The court thus ruled at the November 18, 2010 hearing that the discovery responses were inadequate and gave the defendants until December 6, 2010 to respond fully and completely to the discovery requests. ECF No. 96 at 4. Defendants' counsel agreed at the December 9 hearing, and the court holds, that their incomplete responses violated Federal Rule of Civil Procedure 34(b)(2) and this court's prior discovery order.

**C. General Objections**

The court also rejects Defendants' general objections. In its November 19, 2010 Order, the court stated specifically that Defendants should not make vague objections and instead should respond specifically to each discovery request. ECF No. 96 at 4. The general objections attempt to preserve any overarching objections to requests for overbroad, irrelevant, or otherwise protected information. Those broad objections are insufficient to preserve any objections or privileges. *See, e.g.,* Fed. R. Civ. P. 33(b)(4) (objections to interrogatories must be stated specifically else they are waived); Fed. R. Civ. P. 34(b)(2)(B) and (C) (must state objections to document requests and reasons); *Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (boilerplate objections to a Rule 34 request are not sufficient to assert a privilege). The court also observes that it previously ordered the parties to comply with its standing order, including the procedures for privilege logs. ECF Nos. 74 and 74-1 at 2.

**D. Conclusion**

In sum, Defendants violated Federal Rules of Civil Procedure 33 and 34 and the court's prior discovery orders by not responding to the interrogatories and documents requests.

## III. SANCTIONS

Plaintiff argues that the responses here are the attorney's responses, not the parties, and show Defendants' unwillingness to participate in the case. ECF No. 100 at 2. Plaintiffs argue that they are entitled to attorney's fees and default judgment under Rule 37(b)(2)(A)(iii) and that terminating sanctions are warranted under Rule 37. *Id.*

On October 29, 2010, when the court ordered Defendants to respond to the discovery requests, the court warned Defendants that failure to respond might subject Defendants to sanctions. ECF No. 91 at 2. The court gave detailed guidance about discovery procedures on November 19, 2010 and again warned Defendants that failure to respond may be grounds for sanctions, instructing Defendants' counsel to inform Defendants of the specific sanctions already requested by I.E.I. including (A) attorney's fees, (B) a $10,000 sanction based on the non-compliance as of that date, and (C) a case-dispositive sanction in the form of a judgment in favor of I.E.I. ECF No. 96 at 5.

At hearings and in her court filings, Defendants' counsel has stated repeatedly that (A) her clients have not provided the information needed to respond to the discovery requests, and (B) she has advised her clients repeatedly about the discovery orders and deadlines. *See, e.g.,* Motion to Withdraw as Counsel (noting that counsel repeatedly advised Defendants of the discovery deadlines). As a result, counsel has noticed her motion to withdraw for January 14, 2010. *See id.*

Based on the failure to comply with the court's discovery orders, Plaintiff now moves for sanctions. *See* Civil L.R. 37-3 (setting forth the requirements for a motion for sanctions). The court sets the following briefing schedule:

| | |
|---|---|
| Motion due date: | December 16, 2010 |
| Opposition due date: | December 30, 2010 |
| Optional reply due date: | January 6, 2011 |
| Hearing date: | January 20, 2011, 11 a.m. |

**IT IS SO ORDERED.**

Dated: December 9, 2010

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 09-05079 PJH (LB))

5