UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| I.E.I COMPANY, *et al.*,<br><br>　　　　　　　Plaintiffs,<br>　v.<br>ADVANCE CULTURAL EDUCATION, *et al.*,<br><br>　　　　　　　Defendants.<br>_____/ | No. C 09-05079 PJH (LB)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SANCTIONS AND DISMISSING AS MOOT PLAINTIFFS' MOTION TO STRIKE**<br><br>[ECF Nos. 103 and 119] |

## I. INTRODUCTION

The district court previously referred all discovery disputes to this court. 8/19/10 Order, ECF No. 73. Plaintiffs made specific discovery requests, and the court previously found that Defendants' responses were inadequate. *See* 12/9/10 Order, ECF No. 101. The remaining issue is Plaintiffs' motion for sanctions. *See id.* at 5; Plaintiffs' Motion, ECF No. 103. Following a hearing on April 7, 2011, the court awards Plaintiffs $11,757.67 in attorney's fees incurred in the discovery dispute.

## II. FACTS

### A. The Discovery Violations

Plaintiffs have made the following specific discovery requests to Defendants: (1) I.E.I.'s First Set of Interrogatories to Defendant Advance Cultural Exchange Training Corporation; (2) I.E.I.'s First Set of Interrogatories to Defendant Napat Vorapuvadol; (3) I.E.I.'s First Set of Requests for Production of Documents to Defendant Advance Cultural Exchange Training Corporation; (4)

ORDER (C 09-05079 PJH (LB))

1  I.E.I.'s First Set of Requests for Production of Documents to Defendant Napat Vorapuvadol; (5)
2  I.E.I.'s First Set of Requests for Production of Documents to Defendant Narin Nathradol; and (6)
3  I.E.I.'s First Set of Requests for Production of Documents to Defendant Supawadee Poondej. ECF
4  No. 72, ¶ 2. I.E.I. served its requests on July 2, 2010, and Defendants' responses were due on
5  August 5, 2010 and then extended until August 16, 2010 by stipulation. *Id.*, ¶¶ 2-6. On August 13,
6  2010, Defendants' counsel at the time advised I.E.I. that she would not be able to respond by August
7  26 because Defendants had severed contact with her. *Id.,* ¶ 5.

8  On August 18, 2010, Plaintiffs filed a motion (A) to compel Defendants to respond to their
9  discovery requests and (B) for an award of attorneys' fees as a sanction under Federal Rule of Civil
10 Procedure 37 based on Defendants' failure to respond to the discovery requests. ECF No. 71.
11 Following the referral of the discovery request to this court on August 19, 2010, *see* ECF No. 73,
12 this court denied I.E.I.'s motion on August 23, 2010 without prejudice and directed the parties to
13 comply with this court's discovery procedures in its standing orders. ECF No. 74. Those
14 procedures require – among other things – lead trial counsel to meet and confer in person and file a
15 joint letter brief (with appropriate legal authority), which is a process that allows this court to
16 address discovery disputes in approximately two weeks (rather than the 35 days needed for a formal
17 motion).

18 The parties then submitted joint letter briefs regarding Defendants' failure to respond to I.E.I.'s
19 written discovery requests. ECF Nos. 79, 83 (amended letter 10/4/10). Initially, Defendants'
20 counsel did not dispute Defendants' obligation to respond, although she also argued conclusorily
21 that the information was not discoverable. *See, e.g.,* ECF No. 83 (amended letter brief); 10/29/10
22 Order, ECF No. 91 at 1-2 (discussing this). On October 29, 2010, the court ordered Defendants to
23 respond specifically to the discovery requests by Monday, November 15. ECF No. 91 at 2. The
24 court also warned Defendants that their continued failure to produce responsive documents could
25 result in sanctions. *Id.* at 2.

26 At the next hearing on November 18, 2010, Plaintiffs' counsel argued that the responses were
27 incomplete and otherwise deficient. *See* Joint Status Statement, ECF No. 94 at 3-9; 11/19/10 Order,
28 ECF No. 96 at 3; Reporter's Transcript 11/18/10, ECF No. 99 at 4-7. Defendants' counsel did not

ORDER (C 09-05079 PJH (LB))
2

dispute at the hearing that the productions were deficient, citing only the difficulty of communicating with her clients. *See* 11/19/10 Order, ECF No. 96 at 3; Reporter's Transcript 11/18/10, ECF No. 99 at 19-21. The court ruled that the discovery responses were inadequate, gave detailed guidance about how to respond to the discovery requests, gave Defendants until December 6, 2010 to respond to the requests, and again warned Defendants that failure to respond would be grounds for sanctions, instructing Defendants' counsel to inform Defendants of the specific sanctions already requested by I.E.I. including (1) attorney's fees, (2) a $10,000 sanction based on the non-compliance as of that date, and (3) a case-dispositive sanction in the form of a judgment in favor of I.E.I. *See* 11/19/10 Order, ECF No. 96 at 4-5.

On December 7, 2010, Defendants' counsel filed her revised responses, and Plaintiffs' counsel responded on December 8, 2010 that the responses were inadequate. Defendants' Response, ECF No. 98; Plaintiffs' Response, ECF No. 100. On December 9, 2010, this court found that Defendants' discovery responses were inadequate and violated the Federal Rules of Civil Procedure and the court's prior discovery orders. 12/09/10 Order, ECF No. 101 at 3-5. Specifically, as to the interrogatories, the court held – and the defendants agreed at the December 9 hearing – that the responses were inadequate and violated Federal Rule of Civil Procedure 33(b) and the court's prior discovery order. *See id.* at 3. As to the request for production of documents, the court held – and Defendants conceded – that the productions were deficient and violated Federal Rule of Civil Procedure 34(b)(2) and the court's prior discovery order. *See id.* at 3-4.

The court then set a briefing schedule for Plaintiffs' motion for attorney's fees and sanctions and set the sanctions hearing for January 20, 2011. *Id.* at 4-5.

**B. Defendants' Substitution of Counsel**

On December 7, 2010, Defendants' counsel moved to withdraw, citing – among other reasons – her inability to communicate effectively with her clients about their discovery obligations. Motion to Withdraw, ECF No. 97 at 2. The district court approved new counsel's substitution on February 18, 2011. ECF No. 114; *see also* three prior substitutions of counsel, ECF Nos. 42, and 66. Based on the substitution of counsel, this court extended the briefing schedule for Defendants' opposition to the sanctions motion. *See* 3/3/11 Opposition, ECF No. 115.

**III. DISCUSSION**

Plaintiffs ask for the following: (1) $11,757.67 in attorney's fees, (2) a monetary sanction; and (3) terminating sanctions in the form of a default judgment. Motion for Sanctions, ECF No. 103 at 14-23. Defendants' new counsel concedes that attorneys' fees "are a likely outcome," but argues that additional sanctions are not necessary for reasons that include the following: (1) he "intends to promptly bring Defendants into full compliance with all discovery orders;" (2) he received from his clients what he believes is a "full and complete response to all of Plaintiffs' demands for production of documents;" and (3) he will prepare them for production in a "relatively short time." *Id.* at 1; Michael Dietrick Declaration, ECF No. 116 at 2-3, ¶¶ 3-5.[1]

The court imposes sanctions against Defendants for $11,757.67 in attorneys' fees but does not impose further sanctions – monetary or terminating – at this time.

**A. Attorneys' Fees**

Under Federal Rules of Civil Procedure 33 and 34, a party answering interrogatories or a request for the production of documents must provide a written response requested within 30 days of service. Fed. R. Civ. P. 33(b)(2), 34(b)(2). The response must include a specific objection, an answer to the interrogatory, or an agreement to produce the documents requested. Fed. R. Civ. P. 34(b)(2)(A) & (B). Federal Rule of Civil Procedure 37 allows the court to compel disclosure when a party has not provided the discovery in a timely fashion. The court may grant a motion to compel upon certification that the moving party attempted in good faith to obtain the discovery without court action. Fed. R. Civ. P. 37(a)(1). If the motion is granted, the court must – after giving an opportunity to be heard – require the disobedient party, the attorney, or both to pay the other party's "reasonable expenses, including attorney's fees, caused by the failure to comply, unless the failure

---

[1] Defendants also include approximately eight pages of facts for which they provide no supporting declarations. *See* Opposition, ECF No. 115 at 4-12. Plaintiff objected and moved to strike on the grounds that the factual assertions (1) violated Civil Local Rule 7-5(a)'s requirement of declarations supporting all factual contentions, (2) were hearsay under Federal Rule of Evidence 802, and (3) were irrelevant to the sanctions motion. *See* ECF No. 119. Because the facts are not relevant to the court's determination regarding sanctions, the court does not consider them and denies Plaintiffs' motion to strike as moot.

UNITED STATES DISTRICT COURT
For the Northern District of California

1  was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ.
2  P. 37(b)(2)(C). The disobedient party need not wilfully disobey the court's order to trigger an award
3  of reasonable expenses under Rule 37. *See Lew v. Kona Hosp.*, 754 F.2d 1420, 1427 (9th Cir. 1985).

4  Here, Defendants previously conceded that they failed to provide timely discovery as required by
5  Federal Rules of Civil Procedure 33 and 34 and violated the court's orders compelling the
6  production of the discovery. *See* 12/9/10 Order, ECF No. 101. Defendants have had an opportunity
7  to be heard and provided no explanation that their failure to respond to discovery was substantially
8  justified or that other circumstances make an award of expenses unjust. *See* Fed. R. Civ. P.
9  37(b)(2)(C)  Accordingly, the court awards Plaintiffs the attorneys' fees they incurred in this
10 discovery dispute.

11 Plaintiffs request $11,757.67 in attorneys' fees. Motion for Sanctions, ECF No. 103 at 14.
12 Defendants do not challenge the reasonableness of Plaintiffs' fees. In any event, the court applies
13 the lodestar method and finds that the fees are reasonable. *See Grove v. Wells Fargo Financial Cal.,*
14 *Inc.*, 606 F.3d 577, 582 (9th Cir. 2010). The court calculates a lodestar amount by multiplying the
15 number of hours counsel reasonably spent on the litigation by a reasonable hourly rate. *Id.*

16 **1. Reasonable Hourly Rate**

17 A reasonable hourly rate is that prevailing in the community for similar work performed by
18 attorneys of comparable skill, experience, and reputation. *Moreno v. City of Sacramento*, 534 F.3d
19 1106, 1111 (9th Cir. 2008); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The
20 relevant community is the "forum in which the district court sits," which here is the Northern
21 District of California. *Camacho*, 523 F.3d at 979. The party requesting fees must produce
22 satisfactory evidence – in addition to the attorney's own affidavits or declarations – showing the
23 rates are in line with community rates. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Jordan*
24 *v. Multomah County*, 815 F.2d 1258, 1263 (9th Cir. 1987).

25 Karl Kronenberger is the lead trial counsel for Plaintiffs and is a partner in the firm
26 Kronenberger Burgoyne, LLP. Kronenberger Declaration, ECF No. 104 at 4, ¶ 18(a). He has 17
27 years of litigation and trial experience and customarily bills at an hourly rate of $575. *Id.* To keep
28 costs down here, Mr. Kronenberger billed Plaintiffs at an hourly rate of $455. *Id.* Based on Mr.

1   Kronenberger's experience, hourly rates and fee awards for counsel in similar cases, and the Laffey
2   Matrix (which here results in a locality-adjusted award of $466 an hour), the court finds the hourly
3   rate reasonable. *See Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp.2d 1039, 1067 (N.D. Cal.
4   2010); *In re HPL Technologies, Inc. Securities Litigation*, 366 F. Supp. 2d 912, 921-22 (N.D. Cal.
5   2005); *Asis Internet Serv. v. Optin Gloval, Inc.*, No. C 05-05124 JCS, 2010 WL 2035327, at *6
6   (N.D. Cal. May 19, 2010) (approving his fee of $425 an hour).

7   James Weixel, Jr. is *of counsel* to Kronenberger Burgoyne and has over 20 years of litigation
8   experience at the trial and appellate levels. Kronenberger Declaration, ECF No. 104 at 5, ¶ 18(b).
9   He customarily bills at $510 an hour but billed Plaintiffs in this case at $385 an hour. *Id.*, *see also*
10  ECF No. 104-1 at 14, Exh. B. Based on Mr. Weixel's experience, hourly rates, and the Laffey
11  Matrix (which here results in a locality-adjusted award of $527 an hour), the court finds the hourly
12  rate reasonable.

13  Virginia Sanderson is an associate at Kronenberger Burgoyne and has five years of litigation
14  experience. *Id.* at ¶ 18(c). From September 2010 to the present, Ms. Sanderson has handled most of
15  the legal research and writing with respect to the parties' discovery disputes. *Id.* She ordinarily
16  charges $365 per hour but billed Plaintiffs in this case at $310 an hour. *Id.*, *see also* ECF No. 104-1,
17  Exh. B. Based on Ms. Sanderson's experience, hourly rates and fee awards for counsel in similar
18  cases, and the Laffey Matrix (which here results in a locality-adjusted award of $305 an hour), the
19  court finds the hourly rate reasonable. *Incorp Serv., Inc. v. Nevada Corporate Serv., Inc.*, No.
20  2:09-cv-01300-GMN-GWF, 2011 WL 686262, at *2 (D. Nev. Feb. 18, 2011) (approving an hourly
21  rate for Ms. Sanderson of $295 in the Las Vegas area).

22  Sumeena Birdi and Julie Lockwood are paralegals at Kronenberger Burgoyne. Kronenberger
23  Declaration, ECF No. 104 at 5, ¶ 18(d). They ordinarily bill at rates between $120 and $205
24  depending on the complexity of the work involved. *Id.* However, in this case, Ms. Birdi billed at
25  rates between $40 and $160 while Ms. Lockwood billed at an hourly rate of $135. *Id.*, *see also* ECF
26  No. 104-1, Exh. B. Based on Ms. Birdi and Ms. Lockwood's work in this case and the Laffey
27  Matrix (which here results in a locality-adjusted award of $150 an hour), the court finds the hourly
28  rates reasonable.

### 2. Reasonable Hours Expended

Reasonable hours expended on a case are hours that are not "'excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party requesting fees must provide detailed time records documenting the task completed and the time spent. *See Hensley*, 461 U.S. at 434; *McCown*, 565 F.3d at 1102; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007).

Plaintiffs' counsel billed a total of 40.983 hours: 6.25 hours for Mr. Kronenberger; .33 hours for Mr. Weixel; 25.69 hours for Ms. Sanderson; 5.75 for Ms. Birdi; and 6.16 for Ms. Lockwood. Kronenberger Declaration, ECF No. 104-1 at 5-16, Exh. B. All of the billing entries correspond to the current discovery dispute including various meet-and-confers between Plaintiffs' counsel and Defendants' counsel, a motion to compel, various joint letter briefs submitted to the court, numerous appearances at discovery hearings before the court, compliance with the court's discovery orders, and the current motion for sanctions. *Id.* Given the extent of Defendants' uncooperativeness in the discovery process, Plaintiffs' counsel expended a reasonable number of hours. Accordingly, the court awards Plaintiffs $11,757.67 in attorney's fees.

### B. Additional Sanctions

The court declines to order additional sanctions or to recommend a case-dispositive sanction at this point. Defendants filed discovery responses on April 6, 2011 but indicated that they would supplement those disclosures following a trip to Minnesota where further documents may be located. Plaintiffs' and Defendants' counsel agreed that Defendants would travel to Minnesota and provide a full production of responsive documents by May 12, 2011. If these responses prove inadequate, the court will revisit the appropriateness of a terminating sanction.

### V. CONCLUSION

The court orders Defendants to respond to Plaintiffs' interrogatories and provide all requested documents no later than May 12, 2011. The court grants Plaintiffs' request for sanctions and awards $11,757.67 in attorney's fees. Defendants are jointly and severally liable for this amount and shall pay this amount to Plaintiffs no later than May 12, 2011. The court denies as moot Plaintiffs' motion to strike facts not supported by declarations.

1   This disposes of ECF Nos. 103 and 119.

2   **IT IS SO ORDERED.**

3   Dated: April 7, 2011

_____
LAUREL BEELER
United States Magistrate Judge